IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:05-cr-214-T |
| | ) | |
| SANDRA G. DIXON | ) | |

## MOTION TO RECONSIDER THE ORDER OF REVOCATION AND DETENTION, AND MOTION FOR RELEASE

**NOW COMES** the defendant, Sandra G. Dixon, by and through undersigned counsel, Donnie W. Bethel, and hereby moves this court to reconsider its order of revocation and detention and to order the release of Mrs. Dixon.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On August 5, 2005, Mrs. Dixon was arrested and made her initial appearance before this court. The government moved to have Mrs. Dixon detained. This court ordered that Mrs. Dixon be temporarily detained and scheduled a detention hearing for August 8, 2005. On August 8, 2005, the government withdrew its motion to have Mrs. Dixon detained, and she was released on that day. This court imposed several conditions upon Mrs. Dixon's pretrial release, one of which was that she would not use any illegal drugs. On August 25, 2005, Mrs. Dixon was arrested for violating the terms of her pretrial release by using cocaine. She was held in custody pending a revocation hearing. A revocation hearing was held on August 29, 2005. This court found by clear and convincing evidence that Mrs. Dixon had violated condition 7p of the terms of pretrial release by using cocaine.

1

This court further found, pursuant to 18 U.S.C. §§ 3142 and 3148, that there is no condition or combination of conditions that will assure that Mrs. Dixon doesn't pose a danger to the safety of any other person or to the community. Therefore, on August 30, 2005, this court revoked Mrs. Dixon's pretrial release and ordered that she be remanded to the custody of the United States Marshal for detention pending further proceedings. Mrs. Dixon has now been in custody since August 25, 2005.

The court noted in its order that even though Mrs. Dixon is ordinarily the primary caretaker for three minor children, which are her natural grandchildren, that Mrs. Dixon's husband and mother were capable of caring for the children. Mrs. Dixon seeks this court's reconsideration of its prior order due to changed circumstances. Mr. Dixon has moved out of the household and abandoned the family. Mrs. Dixon's mother, Lillie Garrott, was hospitalized on October 4, 2005. She had surgery to have part of her colon removed and remains hospitalized as of October 7, 2005. With Mr. Dixon gone and Ms. Garrott hospitalized, the care of the minor children has fallen to Tanique Garrott, the childrens' mother and Mrs. Dixon's daughter. The reason that Mrs. Dixon has legal custody of her grandchildren is that her daughter was found to be incapable of properly caring for them.

**ARGUMENT**

Pursuant to the Bail Reform Act of 1984, a person charged with a federal offense *shall be released* on personal recognizance or unsecured bond unless release will not reasonably assure the defendant's presence at future court appearances or will endanger the safety of any person or the community. See 18 U.S.C. § 3142(b). In the event the court determines that an individual is a flight risk or a danger to the community, the court *shall release* the person subject to conditions that will assure the individual's appearance and the safety of the community. 18 U.S.C. § 3142(c).

In United States v. Salerno, 107 S. Ct. 2095 (1987), the Supreme Court upheld the constitutionality of pretrial detention based on dangerousness. However, the court firmly noted that pretrial detention should be limited to those charged with the "most serious of crimes." 107 S.Ct. at 2101. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 2105. See also United States v. Ploof, 851 F.2d 7, 11 (1st Cir. 1988)(narrowly interpreting the detention provision of the Bail Reform Act because of limited availability of pretrial detention, citing Salerno). Cf. United States v. Jeffries, 679 F. Supp. 1114, 1116 (M.D. Ga. 1988)(government must show by clear and convincing evidence that the defendant is one of the rare individuals warranting detention).

Mrs. Dixon has no history of violence. She has no criminal history. Admittedly, Mrs. Dixon betrayed this court's trust when she violated the terms of her pretrial release. Having sat in jail for the last 44 days, Mrs. Dixon has had ample time to ponder what she did and has come to deeply regret her mistakes. She has learned her lesson. If released pursuant to 18 U.S.C. § 3142, Mrs. Dixon would not betray the court's trust again. She wishes to be released only so that she will be allowed to care for her grandchildren.

Mrs. Dixon implores the court to reconsider its earlier decision and instead place Mrs. Dixon on home detention with electronic monitoring. She will also gladly comply with any other conditions that this court would impose in placing her under the supervision of the United States Pretrial Services Office.

**CONCLUSION**

For the foregoing reasons the defendant, respectfully requests that this Court enter an order

releasing Mrs. Dixon on the conditions outlined above.

    Dated this 7th day of October, 2005.

                                      Respectfully submitted,

                                      s/ Donnie W. Bethel
                                      DONNIE W. BETHEL
                                      Assistant Federal Defender
                                      201 Monroe Street, Suite 407
                                      Montgomery, Alabama 36104
                                      Phone: (334) 834-2099
                                      Fax: (334) 834-0353
                                      E-mail:don_bethel@fd.org
                                      IN Bar Code: 14773-49

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:05-cr-214-T |
| | ) | |
| SANDRA G. DIXON | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan R. Redmond, Esq., Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

                Respectfully submitted,

                s/ Donnie W. Bethel
                DONNIE W. BETHEL
                Assistant Federal Defender
                201 Monroe Street, Suite 407
                Montgomery, Alabama 36104
                Phone: (334) 834-2099
                Fax: (334) 834-0353
                E-mail:don_bethel@fd.org
                IN Bar Code: 14773-49