IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-214-T |
| | ) | |
| SANDRA G. DIXON | ) | |

## ORDER

It is **ORDERED** that Defendant's *Motion to Reconsider the Order of Revocation and Detention* (Doc. 29, filed October 7, 2005) is **GRANTED**.

Having duly reconsidered the ORDER in light of the "changed circumstances" specified, the court concludes, as now explained, that the *Motion for Release* filed contemporaneously should be denied.

### I.

As changed circumstances, Defendant focuses on her pre-arrest role as primary caretaker for three natural grandchildren, submitting as follows:

> Mr. Dixon has moved out of the household and abandoned the family. Mrs. Dixon's mother, Lillie Garrott, was hospitalized on October 4, 2005. She had surgery to have part of her colon removed and remains hospitalized as of October 7, 2005. With Mr. Dixon gone and Ms. Garrott hospitalized, the care of the minor children has fallen to Tanique Garrott, the children's mother and Mrs. Dixon's daughter. The reason that Mrs. Dixon has legal custody of her grandchildren is that her daughter was found to be incapable of properly caring for them.

This court directed the detention of this defendant largely on a finding supported by the evidence that her release would endanger the safety of any person or the community. Included within the ambit of "any person or the community" are the grandchildren who have been exposed to the alleged acts underlying her indictment. Indeed, when the court announced its detention

ruling orally, it pointedly rejected defense counsel's argument that Defendant's release is necessary for the continuity of her primary caretaking role for these grandchildren; the court observed, *inter alia*, that the evidence raised grave concerns to the court about her fitness to contiunue in that parental role. The court explained the observation in the written order of revocation:

> In light of the defendant's history of drug abuse and addiction, for which she was in long-term methadone treatment prior to her arrest for the charges underlying this case – and her continued use of cocaine since being released on August 8, 2005, the court cannot concur with the implicit suggestion that her custodial supervision for these minors is either necessary or in the children's best interests; indeed, the likelihood of harm to the children is enhanced.

Notwithstanding the reportedly long period of her treatment locally, this defendant has evidenced great difficulty overcoming the drug addiction to which her grandchildren undoubtedly have already been exposed and invariably will be exposed again if she is released. This court is unwilling to risk further disservice and harm to their best interests at such impressionable ages.

Accordingly, it is **ORDERED** that Defendant's *Motion for Release* is **DENIED.**

DONE this 12th day of October, 2005.

        **/s/ Delores R. Boyd**
        DELORES R. BOYD
        UNITED STATES MAGISTRATE JUDGE